ROBERTSON, Justice:
Sammie Ducking was convicted in the Circuit Court of Sharkey County of the crime of manslaughter and sentenced to a term of two years in the State Penitentiary. He appeals and assigns as the principal error the refusal of the trial judge to grant him a peremptory instruction.
*687 Sammie Ducking was 17 years old and in the tenth grade at the time of the tragic accident which resulted in the death of 6-year-old Gloria Mae Baltimore. She was a first grade student in the Rolling Fork School when she was run over and killed by the school bus driven by Ducking.
He had taken the 3-day course for school bus drivers, and was a regular bus driver for the Rolling Fork High School until April, 1971, when he was suspended. Ducking was asked by Odell Stein, the regular school bus driver of the Lorenzon Route, to drive for him on the afternoons of May 24, 25, and 26, 1971. Even though he had been instructed not to drive a school bus, Ducking took over for Stein and drove his route on May 24th and 25th without mishap.
On May 26, 1971, about 3:00 P.M., he was proceeding from south to north on the Lorenzon Route with about 60 school children in his bus. All of the seats were fully occupied and there were children standing in the aisle. Usually in the afternoon the bus would procéed from north to south, which would place the exit door at the side of the road. Traveling from south to north caused the exit door to open on the east side of the road and made it necessary for the Sanders children and the Baltimore child to cross in front of the bus to go to their home on the west side of the road.
Ducking stopped the school bus in front of the Levada Sanders home and switched on the blinking safety lights. The four Sanders children disembarked and Ducking watched them walk in front of the bus and across the road to their yard. He did not count the children as they disembarked, as he was supposed to do, and again count them when they were safely across the road.
Ducking testified that he watched the Sanders children pass in front of the bus and safely reach the other side. After remaining longer than usual in front of the Sanders home, he switched off the safety lights, put the bus in gear, and started moving forward.
Eugene McCoy, a fellow student, was standing at the bus door and when the bus had moved about 30 feet McCoy yelled that a girl had been hit. Ducking immediately stopped the bus, jumped out and noticed the little six-year-old girl lying in the road on the right side of the bus about midway of its length. He picked her up and ran to the Fisher house nearby. Rosie Fisher testified :
“And I met him at the door, and he put the child down at my steps and just grabbed me and started crying and said, T didn’t see her. I didn’t aim to do it. Let me go turn myself in. I want to call the law.’ ”
Ducking called D. S. Bowering, who worked at the Sharkey-Issaquena Bus Shop, who advised him that H. D. Bishop, Superintendent of Education of Sharkey County, was at the shop and to bring the bus in. He drove the school bus to the home of Odell Stein, the regular bus driver, and then reported to Mr. Bishop, who took up his school bus driver’s license and tore it up. Ducking then turned himself in to the Sheriff.
The indictment charged that Ducking “did then and there unlawfully, feloniously and by his culpable negligence kill and slay one, Gloria Mae Baltimore, . . . ” The State contended that his culpable negligence consisted of driving a school bus when he had been specifically instructed not to, reversing the usual afternoon route and driving from south to north, not counting the school children as they left the bus as he had been instructed to do, and not watching all those counted until they had passed in front of the bus and reached positions of safety.
In addition to the testimony proving these facts, there was testimony that Gloria Mae Baltimore was smaller than the usual child her age, that she had trouble keeping her balance and stumbled frequent *688 ly for no apparent reason. She lived with her grandmother, Levada Sanders, and usually one of the Sanders children helped her on and off the bus.
On May 26, the day of the fatal accident, the Sanders children apparently forgot Gloria Mae and got off without her. It was surmised that Gloria Mae had gotten off later, had walked in front of the bus and had been hit first by the left front wheel as Bowering testified that there was blood on the tire. Bowering also stated that the hood of the bus would have hidden a small child from the bus driver and that the driver could not have seen a small child unless she was about five feet in front of the bus. A. B. Derrick, Sharkey County Deputy Sheriff, explained how he thought it happened in this way:
The way I see it, the front part of the bus must have knocked her down, and the back inside dual wheel ran over her back up this way and on over her head. And you could see the print of, it looked to me like it was a Goodyear tire, at that time made that print over her back.”
Derrick later found that the mside rear dual was a Goodyear tire.
These acts of carelessness on Ducking’s part amounted to simple negligence, but under no stretch of the imagination could they be termed criminal or culpable negligence “which must be wanton or reckless under circumstances implying danger to human life. ... It must be negligence so wanton or reckless as to be incompatible with a proper regard for human life.” Smith v. State, 197 Miss. 802, 20 So.2d 701 (1945). The trial judge should have granted a peremptory instruction for the defendant. The conviction and judgment are reversed and the appellant, Sammie Ducking, discharged.
Reversed and appellant discharged.
RODGERS, P. J., and PATTERSON, INZER and SMITH, JJ., concur.